No. 1796. STATE *v.* SMALLS. November Term, 1885. Defendant was indicted for rape. The prosecutrix proved the offence, and said she recognized the prisoner as the offending person; that she had been brought up with him. The defendant denied the charge, and said he did not know the prosecutrix. The judge (Pressley) charged : "There is a matter in his testimony that bears upon that point [*i. e.* identity of the prisoner], and in my estimation it bears very seriously against him. She says she was brought up with him. He swears that he does not know her. Now, if she tells the truth, he tells a lie. If he tells a lie, he has a motive for it."

This court says : "We well know that it is not always easy to draw the line clearly between what is and what is not within the prescribed province of the judge. But as to the declaration here complained of, we can hardly doubt that it contained an expression of opinion on the facts, and was therefore in violation of section 26, article IV., of the Constitution, which declares that 'judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law.' It is true that the judge also said to the jury : 'If you have reasonable doubt; if her testimony leaves your mind in a state of reasonable uncertainty, then you will say not guilty.' But we do not think that

cured the matter." New trial granted. OPINION by MR. JUS-
TICE McGOWAN, February 13, 1886. *Lee & Bowen,* for appel-
lants. *Jervey,* solicitor, contra.